CHARLES D. LEGG, Sr., CHARLES D. LEGG, Jr., ELSWORTH. LEGG AND ROGER LEGG, PARTNERS TRADING AS R. CHARLES D. LEGG & SON, PLAINTIFFS-RESPONDENTS, v. EDWIN OVERBECK, DEFENDANT-APPELLANT.

Submitted May 6, 1947—Decided June 10, 1947.

Before Justice BODINE, HEHER and WACHENFELD.

For the defendant-appellant, *David Cohn* and *Abram Simon.*

For the plaintiffs-respondents, *Peter Cohn.*

The opinion of the court was delivered by

BODINE, J. This is an appeal from the District Court.

The case was tried without a jury and judgment was entered for the plaintiffs for $341.

The plaintiffs in this action conducted an undertaking business in the City of Paterson. The defendant was a resident of Paterson and a brother of one Archie Overbeck, a former resident of Media, Pennsylvania, who died at that place on December 7th, 1944. It was undisputed that on December 9th, 1944, appellant called at the plaintiffs' establishment in Paterson and engaged them to bring his brother's remains to Paterson for burial and made all the usual selections and arrangements for that purpose.

It appears that the credit therefor was extended to the appellant and that the obligation was a direct and original one. No one else ever saw, spoke or consulted the plaintiffs with

respect to the services to be rendered. At the time the appellant was making the arrangements for the funeral, he was asked to and did sign a document which was offered in evidence. This purports to be an itemized account of the funeral expenses as arranged for the husband of Mrs. Sarah Overbeck and was signed by the appellant in his own name.

It is clear that the credit for the service was extended to the appellant, although he did ask that the bill be made out to the decedent's wife. The bill has never been paid.

We do not see how the learned trial court could have found that the obligation was secondary. It was a direct obligation to pay the bill for services to be rendered for which the appellant was negotiating. It is not a case of a promise to pay for services to be rendered to another but a case where the services were to be rendered to the appellant. Whatever the obligation of the appellant's sister-in-law may be he was certainly the one who was making the arrangements and to whom the plaintiffs looked for payment and for which the plaintiffs held the order of the appellant signed by him.

The findings of the District Court rest upon a finding of fact and may not be reversed in this court if its conclusion is legally inferable from the evidence proved. *Pollack* v. *New Jersey Bell Telephone Co.*, 116 *N. J. L.* 28; *Underwood* v. *Kalz*, 135 *Id.* 214.

The judgment will be affirmed, with costs.